UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY L. WATKINS,

        Petitioner,

v.                                            Case No. 5:05-cv-15

                                                Hon. Wendell A. Miles

DAVID GUNDY,

        Respondent.

                                            /

OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

On October 30, 2006, United States Magistrate Judge Ellen S. Carmody, issued a Report and Recommendation ("R & R") recommending that Petitioner's application for a writ of habeas corpus be denied.  On December 1, 2006, Petitioner filed a "Pro per supp/motion 6.5 Motion for Relief of Judgment Petition," which the court construes as objections to the R&R.

In his *pro se* petition, Petitioner raised the following four claims:

(1)  trial counsel was ineffective when he failed to investigate, interview witnesses, and prepare, and misrepresented the possible sentence Petitioner could receive;

(2)  the trial court violated the Sixth Amendment by denying Petitioner's motion to withdraw his guilty plea;

(3)  Petitioner's sentence of sixty to one hundred years is cruel and unusual punishment in violation of the Eighth Amendment; and

(4) the trial court violated the Sixth Amendment by denying Petitioner's request for substitute trial counsel.

The Magistrate Judge found that none of the four claims Petitioner raised in his petition for habeas corpus relief had merit.  Petitioner does not object to the Magistrate Judge's finding that

his sentence does not violate the Eighth Amendment.

The court, having reviewed the R&R, the relevant portions of the file, and the Petitioner's objections, agrees with the Magistrate Judge's recommended disposition. The court, therefore, overrules Petitioner's objections, and adopts the R&R in its entirety.

## Discussion

Petitioner was charged in Livingston County of felony murder in connection with the sexual assault and strangulation of Christine Ann O'Brien in July 1995. Petitioner confessed to committing the crime to a fellow inmate. The confession was recorded. Petitioner moved to suppress the taped confession, which was denied by the trial court. Shortly thereafter, Petitioner pleaded guilty to manslaughter and being a fourth habitual offender, and the felony murder charge was dismissed. Petitioner was sentenced to sixty to one hundred years incarceration. Petitioner filed a *pro se* motion to withdraw his guilty plea, asserting ineffective assistance of counsel. At the hearing, he requested substitute counsel. The trial court denied the motion and Petitioner's request for substitute counsel.

Petitioner claims he pleaded guilty to manslaughter based upon representations made by his trial attorney and probation officer that a guilty plea would result in a minimum sentence of no more than seven years.

### A. Ineffective assistance of counsel

Petitioner claims that his trial counsel was ineffective because he failed to conduct an adequate investigation, and misrepresented the possible sentence Petitioner could receive if he pleaded guilty. A claim of ineffective assistance of counsel is governed by the test announced in Strickland v. Washington, 466 U.S. 668 (1984), under which a petitioner must prove that

2

counsel's performance was objectively unreasonable, and that counsel's inadequate performance caused a fundamentally unfair outcome. The Magistrate Judge found that Petitioner did not satisfy the Strickland test.

The record reveals that trial counsel filed several motions, including a motion to suppress Petitioner's recorded confession, and sought extra time to investigate and interview witnesses. At the time he entered his plea, Petitioner was satisfied with his counsel's performance (Plea Tr. 5). Petitioner's trial attorney testified that he made no representations to Petitioner regarding his minimum sentence, and actually had informed Petitioner that he would not be sentenced at the lower range of the guidelines. (Withdraw Plea Tr. 23-24). Other than his unsupported statement to the contrary, Petitioner offers no evidence rebutting his attorney's testimony.

Petitioner also argues that his counsel was ineffective for failing to pursue an insanity defense. To establish an insanity defense under Michigan law, a defendant must prove that he was legally insane at the time he committed the offense. An individual is "legally insane if . . . that person lacks substantial capacity either to appreciate the nature and quality or the wrongfulness of his or her conduct or to conform his or her conduct to the requirements of the law. Mental illness or being mentally retarded does not otherwise constitute a defense of legal insanity." MICH. COM. LAWS § 768.21a(1). Although Petitioner may have mental health issues, he has not presented any evidence that he met the strict requirements for asserting an insanity defense. Thus, there is no basis for concluding that such a defense was viable, and that counsel was ineffective for failing to assert it.

B.  Sixth Amendment violations

Petitioner next claims that his rights under the Sixth Amendment were violated when the trial court denied his motion to withdraw his guilty plea.  The Magistrate Judge found that his guilty plea was knowing and voluntary and, therefore, did not violate any constitutional rights.  "[A] guilty plea is an admission of all elements of a formal criminal charge."  McCarthy v. United States, 394 U.S. 459, 466 (1969).  A guilty pleas is valid if it is entered voluntarily, knowingly and intelligently.  Brady v. United States, 397 U.S. 742, 748 (1970).  The validity of a guilty plea is assessed by reviewing the totality of the circumstances surrounding the plea.  Id.  The record reveals that Petitioner stated that he was pleading guilty of manslaughter and of being a fourth habitual offender.  He testified that he was not forced or threatened to enter his plea, nor was he promised any specific sentence.  (Plea Tr. 8-9).  He also understood that he could receive a life sentence, and that the judge was not bound to give him a particular minimum sentence.  (Plea Tr. 5).  The trial court found that Petitioner's plea was entered knowingly and voluntarily.  Under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §2254,  Petitioner must overcome a presumption that the state court's factual finding was correct by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).  Petitioner fails to present clear and convincing evidence that the trial court erred by accepting his testimony, which indicates that he entered his plea knowingly and voluntarily.

C.  Motion to Supplement (Docket #29)

Petitioner filed a motion to supplement his petition by adding a claim that his trial counsel was ineffective for failing to object to his plea of being a fourth habitual offender.  The Magistrate Judge recommended that the motion be denied as futile.  Foman v. Davis, 371 U.S.

4

178, 182 (1962) (leave to amend may be denied where the amendment would be futile).  A proffered amendment in a habeas case would be futile if the claim lacks merit on its face.  See Moss v. United States, 323 F.3d 445, 476 (6th Cir. 2003).  When Petitioner entered his plea he acknowledged that he had previously been convicted of four felonies.  (Plea Tr. 12-14).  Accordingly, such a claim would have no merit and the amendment Petitioner seeks would be futile.

## Conclusion

For the reasons discussed above, the Court finds that the Magistrate Judge's findings, conclusions and recommendations are correct.  Accordingly, the Court overrules the Plaintiff's objections (docket #39), adopts the magistrate judge's report and recommendation (docket #33) in its entirety, and DENIES the petition for writ of habeas corpus.

So ordered this 9th day of January, 2006.

       /s/ Wendell A. Miles
      Wendell A. Miles
      Senior U.S. District Judge