UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

TIMOTHY L. WATKINS,

        Petitioner,        Case No. 5:05-cv-15

v.        Honorable Wendell A. Miles

DAVID GUNDY,

        Respondent.

_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254, challenging his 2000 conviction for voluntary manslaughter, for which he was sentenced to imprisonment of sixty to one hundred years. On January 9, 2007, the Court entered an opinion and order dismissing the petition. The order of dismissal followed the Court's *de novo* review of Petitioner's objections to the report and recommendation of the magistrate judge. Petitioner has now filed a motion for certificate of appealability (docket # 51).

Under the amended provisions of the Habeas Corpus Act, a petitioner may not appeal in a habeas case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Amended Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability. FED. R. APP. P. 22(b). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). The filing of a notice of appeal that does not specify the issues that a petitioner seeks to have reviewed on appeal will be deemed a request for review of all issues. *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997)

(Admin. Ord.). Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Applying this standard, this Court finds no basis for issuance of a certificate of appealability. The Court has already rejected Petitioner's claims of constitutional error under the standards set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA). Petitioner has not pointed to any flaw in the Court's reasoning or any issue of fact or law overlooked in the adjudication of his petition. The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claims was debatable or wrong, and therefore, the Court will deny Petitioner a certificate of appealability. Accordingly:

IT IS ORDERED that Petitioner's motion for certificate of appealability (docket # 51) is DENIED.

Dated: <u>April 5, 2007</u>              /s/ Wendell A. Miles
                                                                                   Wendell A. Miles
                                                                                   Senior United States District Judge